**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Hinant,<br><br>　　　　　Plaintiff,<br>vs.<br><br>American Airlines Incorporated,<br><br>　　　　　Defendant. | No. CV-24-02869-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (Doc. 3), Plaintiff's Response (Doc. 14), and Defendant's Reply (Doc. 16). For the following reasons, the Court will grant Defendant's Motion.

**I.     BACKGROUND**

Plaintiff is a part-time Reservation Home Based Representative for American Airlines who has been working for the company since March 2001. (Doc. 3 at 7). Plaintiff is also legally blind and disabled within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, as she was diagnosed with a degenerative visual disease, Pars Planitis, at age 17. (Doc. 1-2 at 10). Plaintiff had previously been granted accommodations including assistive technology, regular breaks as needed, and a reduced work schedule of 4 hours per day, 4 days per week. (*Id.* at 10–11; Doc. 3 at 8).

Plaintiff and other passenger service employees are represented by a union, the CWA-IBT Association ("Union"). (Doc. 3 at 2). In 2015, American and the Union entered into a collective bargaining agreement, the "JCBA," which "set forth the rates of pay, work

rules and working conditions for Plaintiff and other passenger service employees covered by it." (*Id.*). "Perceived violations of the JCBA are subject to review by the System Board of Adjustment ('SBA')," and there is "a four-step process whereby complaints may be progressed to obtain a resolution." (Doc. 3 at 7).

In December 2019, the Union filed a Grievance against Defendant with the SBA, alleging that Defendant "had permitted and continued to permit employees to adjust their work schedules in violation of Articles 6, 7, 8, and 9 of the JCBA." (*Id.* at 8–9). Those Articles govern employee seniority, overtime, and filling of vacancies, among other things. (*Id.* at 4–7). In September 2021, the Grievance was resolved via a Settlement Agreement between Defendant and the Union, the terms of which required Defendant "to cease granting modified work schedules or exemptions from mandatory overtime for employees unless consistent with the bona fide seniority system." (*Id.* at 9–10). Following the entry of this Settlement Agreement, Plaintiff was notified that Defendant "could not continue her limited four hours per day, four days per week, no overtime work schedule, and that she had a 60-day working period in which to consider several other potential JCBA-compliant accommodations." (*Id.* at 10). Plaintiff ultimately chose to take a medical leave of absence, which was extended several times between December 2021 and now. (*Id.* at 10–12).

On July 2, 2024, Plaintiff filed a Complaint in Maricopa County Superior Court, which was removed to this District by Defendant on October 21, 2024. (Doc. 1 at 1). Plaintiff sought relief under the ADA for failure to accommodate and disparate treatment based on Defendant's failure to grant her requested accommodations because she cannot work mandatory overtime. (Doc. 1-2 at 13, 15). Defendant filed a Motion to Dismiss (Doc. 3) under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(2), arguing that (1) this Court lacks subject-matter jurisdiction to consider Plaintiff's claims, and (2) even if this Court had subject-matter jurisdiction, Plaintiff fails to state a claim upon which relief can be granted. (Doc. 3 at 1).

///

///

## II. LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss challenges the court's subject matter jurisdiction to hear the claims at issue. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and may only hear cases falling within that jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a 'continuing independent obligation to determine whether subject-matter jurisdiction exists.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## III. DISCUSSION

Defendant argues that Plaintiff's ADA failure-to-accommodate and disparate treatment claims are "minor disputes" under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, and that the Court therefore lacks subject-matter jurisdiction over her claims. (Doc. 3 at 15).

"The RLA creates 'a comprehensive framework for resolving labor disputes' in the rail and airline industries." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). It "establishes a mandatory arbitral mechanism for 'the prompt and orderly settlement' of two classes of disputes," (1) major disputes and (2) minor disputes. *Morrison v. Am. Airlines, Inc.*, 2024 WL 618044, at *2 (N.D. Tex. Feb. 13, 2024), *appeal dismissed*, 2024 WL 4185996 (5th Cir. June 25, 2024) (citing *Norris*, 512 U.S. at 252). "Major" disputes concern "rates of pay, rules, or working conditions" and "must be resolved through an extensive bargaining, mediation, and noncompulsory arbitration process, in which both sides are subject to certain duties enforceable in federal court." *Schurke*, 898 F.3d at 917 (citations omitted). "Minor" disputes, on the other hand, generally grow out of "the *interpretation* or *application* of agreements covering rates of pay, rules, or working conditions." *Id.* (quoting 45 U.S.C. § 151a) (emphasis added). In other words, "major disputes seek to create contractual rights" under the RLA, whereas "minor disputes [seek] to enforce them."

*Consol. Rail Corp. v. Ry. Lab. Executives' Ass'n*, 491 U.S. 299, 302 (1989).

Because minor disputes are subject to compulsory and binding arbitration before "an adjustment board established by the airline and the unions," the Court lacks jurisdiction if Plaintiff's claims are minor disputes. *Consol. Rail Corp.*, 491 U.S. at 304 n.4 (1989); *Morrison*, 2024 WL 618044, at *2. The relevant question, then, is whether Plaintiffs' claims constitute minor disputes. Minor disputes "can be 'conclusively resolved'" by interpreting a collective bargaining agreement, because they "[do] not involve rights that exist independent of" that agreement. *Norris*, 512 U.S. at 265. Here, Defendant argues that Plaintiffs claims are minor disputes because "Plaintiff's ADA claims are [] premised upon being denied an accommodation that would violate bona fide seniority provisions of the [JCBA]," so the "determination on the bona fide nature of the JCBA's seniority system is therefore dispositive of the entirety of Plaintiff's ADA claims." (Doc. 3 at 17).

Defendant cites to multiple directly analogous cases that are dispositive on this matter. For example, in *Morrison*, the plaintiff was "a former Home Based Representative International Reservation Agent for American Americans" who sought and was denied a work-from-home accommodation "in light of the recently entered Joint Collective Bargaining Agreement . . . which dictated the terms and conditions of work for reservation and customer service employees like Plaintiff." 2024 WL 618044, at *1. The Northern District of Texas found that the plaintiff's ADA claim was a "minor dispute" precluded by the RLA, which therefore deprived the court of subject-matter jurisdiction. *Id.* at *2. In determining that the claim was a minor dispute, the court clarified,

> [The plaintiff's] alleged right to a work-from-home designation does not 'exist independent' of the JCBA. The ADA doesn't mandate work-from-home designations; it mandates 'reasonable accommodations.' And whether something is a 'reasonable accommodation' requires interpreting the JCBA's provisions. Absent extraordinary circumstances, it is unreasonable to require companies to violate binding CBAs to accommodate disabled employees.

*Id.* at *3 (citations omitted). Similarly, in *Brown v. Illinois Central Railroad Co.*, 254 F.3d 654 (7th Cir. 2001), a railroad employee brought an action alleging that his employer

4

violated the ADA by denying his request for a modified work schedule to accommodate his disability. The Seventh Circuit found that because the railroad's collective bargaining agreement required the railroad to consider seniority when making such scheduling decisions, the claim was a "minor" dispute under the RLA and the federal court lacked subject-matter jurisdiction to resolve it. *Id.* at 664.

Ultimately, the dispute here appears to be about whether the JCBA's seniority provisions conflict with Plaintiff's requested accommodation of working no more than four four-hour shifts per week. (Doc. 3 at 2; Doc. 14 at 7). Plaintiff contends that she "has 23 years of seniority at [American Airlines]," and that "it is unclear that there would ever be a circumstance where [Plaintiff]'s inability to work overtime would cause any more senior employee to have to do so." (Doc. 15 at 7–8). In contrast, Defendant argues that a reduced-hours schedule for Plaintiff would require Defendant "to violate the seniority, scheduling, and assignment of overtime provisions of the CBA." (Doc. 16 at 2). "A dispute about 'the meaning or proper application of a particular provision with reference to a specific situation' is minor and should be left to an expert arbitrator." *Int'l Ass'n of Sheet Metal Air, Rail, & Transp. Workers v. Union Pac. R.R. Co.*, 2019 U.S. Dist. LEXIS 210257, at *10 (C.D. Cal. July 25, 2019) (quoting *Elgin, J. & E. R. Co. v. Burley*, 325 U.S. 711, 723 (1945)); *see also Pritchard v. Am. Airlines, Inc.*, 708 F. Supp. 3d 861, 867 (N.D. Tex. 2023) (holding that the plaintiff's "right to overtime exemptions doesn't 'exist independent' of the JCBA. The ADA doesn't mandate overtime exemptions . . . And whether a modified schedule is a 'reasonable accommodation' requires interpreting the JCBA's provisions governing hours of service, overtime, and the filling of vacancies.") (citations omitted).

It is clear that, in this case, Plaintiff's claims turn on the application of the JCBA—specifically, its seniority, overtime, and shift-bidding provisions—to her specific circumstances. Her claims are therefore properly characterized as "minor" disputes under the RLA, so the Court must conclude that it lacks subject-matter jurisdiction to hear them. It is therefore unnecessary for the Court to consider Defendant's alternative Rule 12(b)(6) arguments. *See, e.g.*, *ThermoLife Int'l LLC v. BPI Sports LLC*, 2021 WL 661981, at *4 (D.

Ariz. Feb. 19, 2021), *aff'd*, 2022 WL 612669 (9th Cir. Mar. 2, 2022) ("If the 12(b)(1) standard is not met, the 12(b)(6) analysis is moot."). Furthermore, no additional facts could cure this defect in federal court, so Plaintiff will not be given leave to amend.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 3) is **granted**. Plaintiff's claims against Defendant are **dismissed without leave to amend** but **without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

Dated this 4th day of December, 2024.

Honorable Steven P. Logan
United States District Judge